**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

United States of America,

              Plaintiff,

v.

Jose Sarinana,

              Defendant.

No. CR-25-00865-001-PHX-DWL

**ORDER**

Defendant Jose Sarinana has filed three *ex parte* applications for a Rule 17(c) subpoena (Docs. 18, 20, 22), as well as motions to seal each application (Docs. 17, 19, 21).

    1.    <u>*Ex Parte* Nature Of Applications</u>

Although "[t]here is no general consensus among courts, and no authority binding on this Court, as to whether applications for Rule 17(c) subpoenas may be filed *ex parte*," many courts have approved this practice. *United States v. Clason*, 2007 WL 1259138, *1 (D. Ariz. 2007). *See also United States v. Sleugh*, 896 F.3d 1007, 1010 (9th Cir. 2018) ("Criminal defendants sometimes seek to obtain evidence by filing applications asking the court to issue subpoenas for the production of documents or witnesses pursuant to Federal Rule of Criminal Procedure 17(c). These applications, supported by an attorney's affidavit explaining the reasons the evidence is necessary, are often filed *ex parte* and under seal."); *United States v. Beckford*, 964 F. Supp. 1010, 1027 (E.D. Va. 1997) ("[T]he Sixth Amendment supplies justification for interpreting Rule 17(c) to permit *ex parte* procedures respecting the issuance of pre-trial subpoenas duces tecum . . . .").

The Court agrees with those decisions, which recognize that proceeding in an *ex parte* fashion is only "appropriate in those rare situations where mere disclosure of the application for a pre-trial subpoena would: (i) divulge trial strategy, witness lists or attorney work-product; (ii) imperil the source or integrity of subpoenaed evidence; or (iii) undermine a fundamental privacy or constitutional interest of the defendant." *Clason*, 2007 WL 1259138 at \*2 (cleaned up). *See also Beckford*, 964 F. Supp. at 1030-31 ("In most instances, it will not be necessary to disclose trial strategy, divulge witnesses or work product, or implicate a privacy right merely to make the application for issuance of a pre-trial subpoena duces tecum.  And, a party seeking to proceed *ex parte* will have to meet a heavy burden to proceed in that fashion. . . .  *[E]x parte* applications will be filed rarely and likely will be granted less frequently.").

Defendant contends he should be allowed to proceed in an *ex parte* fashion because "the information provided in [each] application necessarily contains the work product of the defense counsel and discloses defense strategy."  (Doc. 18 at 2; Doc. 20 at 2; Doc. 22 at 2.)  Although it is not obvious why this is so—Defendant's explanations on this point are undeveloped and conclusory—the Court is willing to give Defendant the benefit of the doubt.  *See, e.g., Clason*, 2007 WL 1259138 at \*2 ("The Court has reviewed Defendant's *ex parte* application and concludes that allowing the Government to view the application would divulge Defendant's trial strategy, possibly infringing his constitutional rights.  The Court will allow the application to be filed *ex parte*."); *United States v. Harbour*, 2021 WL 1293280, \*1 (D. Ariz. 2021) ("Defendant has established that preserving the sealed and *ex parte* nature of his Rule 17(c) motion—within which he has risked divulging trial tactics in order to meet his burden of demonstrating that the [*United States v. Nixon*, 418 U.S. 683 (1974)] standards are satisfied—is necessary to prevent Defendant's trial strategy from being revealed to the government.  Consequently, the Court will grant Defendant's motions.") (citations omitted).  *But see United States v. Fulton*, 2013 WL 4609502, \*2 (D.N.J. 2013) ("The Court has reviewed Defendant's application and concludes that he has not demonstrated that this case presents any of the exceptional circumstances which would

warrant proceeding to obtain a subpoena duces tecum under Rule 17(c) in an *ex parte* fashion. Fulton states that the nature of the requests may compromise defense strategy but fails to explain how providing the Government with notice of the materials to be produced pretrial or of the target of the Rule 17(c) subpoena will threaten to disclose that strategy to the Government. He has not carried his burden to show that this case or particular subpoena application presents the rare situation in which the disfavored *ex parte* process should be allowed."). Accordingly, the Court will allow the applications to be filed under seal and *ex parte*.

2. <u>Merits</u>

"To ensure that Rule 17(c) is used narrowly, the Supreme Court devised a standard regarding the pretrial production of evidence pursuant to Rule 17(c). Such production is appropriate only when the moving party can show (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition. In other words, the requesting party must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Clason*, 2007 WL 1259138 at *1 (cleaned up).

Defendant has cleared those three hurdles here—the requested materials are relevant, will likely be admissible at trial, and are being sought with specificity.

3. <u>Recipient</u>

In each proposed subpoena, the "Place" of compliance is identified as the Federal Public Defender's Office in Phoenix. (Doc. 18-2 at 1; Doc. 20-2 at 1; Doc. 22-2 at 1.) Each proposed subpoena also includes the following text in a later portion of the form that appears immediately below the contact information for Defendant's counsel: "Your appearance in Court is not required if certified copies of the documents, electronically stored are received in the FPD Office on or before [the compliance date]." (*Id.*

- 3 -

[capitalization omitted].)  Likewise, in the "Additional information regarding attempted service, etc." box on the second page of each proposed subpoena, the following text appears: "Your appearance in Court is not required if certified copies of the following documents, electronically stored information or objects, and/or records requested in the subpoena are received in the Office of the Federal Public Defender on or before [the compliance date]." (Doc. 18-2 at 2; Doc. 20-2 at 2; Doc. 22-2 at 2 [capitalization omitted].)

This approach is impermissible.  Rule 17(c)(1) contemplates that compliance will be provided to the court: "The court may direct the witness to produce the designated items *in court* before trial or before they are to be offered in evidence."  *Id.* (emphasis added). Thus, courts have held that a Rule 17(c) subpoena should not direct the recipient to produce records directly to the requesting party.  *See, e.g., United States v. Al-Amin*, 2013 WL 3865079, *10 (E.D. Tenn. 2013) ("There is no provision in [Rule 17(c)] for the parties to receive records.  The records should not have been provided to counsel, and counsel should not have accepted them but rather if the subpoena had been proper they would have been in the custody and control of the Court and both parties may have been permitted to inspect the records."); *United States v. Latimore*, 2010 WL 148231, *3 (E.D. Mich. 2010) ("Defendant Gilford has not established that he is entitled to have the documents delivered directly to defense counsel."); *United States v. Jenkins*, 895 F. Supp. 1389, 1394 (D. Hawaii 1995) ("It appears to the court that Castle delivered the documents directly to counsel for the Defendant.  Indeed, Defendant's application for the [Rule 17(c)] subpoenas *duces tecum* makes a request for subpoenas requiring 'the documents to be turned over directly to the defense at the earliest possible date.'  The magistrate erred in allowing the documents to be turned over directly to the defense and not to the court.").  However, a court need not deny a request for a Rule 17(c) subpoena on this basis—instead, the court can simply modify the proposed subpoena to require production to the court rather than to the requesting party's counsel.  *See, e.g., United States v. Turner*, 2025 WL 1062511, *4 (W.D. Va. 2025) ("Related to the access issue is the question of where responsive materials should be sent.  Without divulging the substance of the proposed subpoenas, the Court notes that

- 4 -

the Defendant has proposed requiring that materials be produced to the Federal Public Defender's Office in Charlottesville.  However, Rule 17(c) requires that the materials be sent to the Court.  Accordingly, the subpoenas shall list the Court Clerk's Office in Charlottesville as the place where responsive materials be produced."); *United States v. Subil*, 2023 WL 7334168, *2 (W.D. Wash. 2023) ("The Court agrees that issuance of a subpoena is proper . . . [but] Mr. Subil has not demonstrated that he is entitled to have the documents delivered directly to defense counsel.  Rule 17(c)(1) states that a court may direct the production of materials 'in court,' not another location.  Therefore, Mr. Subil's proposed subpoena will be modified to reflect this Court as the place of compliance.") (citations omitted); *United States v. Shelley*, 2017 WL 3470940, *4 (W.D. Okla. 2017) ("Defendant has not established that he is entitled to have the documents delivered directly to defense counsel.  Accordingly, the Court will require modification of the subpoena to direct that any production be made to the Clerk of Court to receive the documents and hold them for inspection.").  The Court will follow that approach here.

In a related vein, Rule 17(c)(1) provides that "[w]hen the items arrive, the court may permit the parties and their attorneys to inspect all or part of them."  On the one hand, the permissive nature of this standard—"may permit"—suggests there may be instances where it would be appropriate for subpoenaed materials to be shared only with the requesting party. *Beckford*, 964 F. Supp. at 1029 ("[U]pon a proper showing, the court could exercise its discretion under Rule 17(c) to permit pre-trial inspection by only the requesting party."). On the other hand, Defendant has not explained why that disfavored approach is warranted here.  *See, e.g., Turner*, 2025 WL 1062511 at *4 ("General principles of fairness suggest that even though an *ex parte* process may be necessary for a party to seek a Rule 17 subpoena under certain circumstances, it does not follow that the defendant is entitled to strategic advantage or tactical surprise.  Here, the Government shall be allowed to inspect the documents to avoid providing the Defendant an unfair advantage. . . .  When the items arrive [at the Clerk's office], the court may permit the parties and their attorneys to inspect all or part of them.") (cleaned up); *Harbour*, 2021 WL 1293280 at *1 ("[E]ven where the

Court has allowed a defendant to file an application for subpoena duces tecum that is *ex parte*, once the application is granted, as here, it does not follow that the defendant is entitled to strategic advantage or tactical surprise. . . .  Consequently, although the Court will permit Defendant's Rule 17(c) motion to remain *ex parte* and under seal to prevent the disclosure of his trial strategy to the government, it will direct that the government have access to the responsive material, itself, once it is produced by the third parties."); *United States v. Sellers*, 275 F.R.D. 620, 625 (D. Nev. 2011) ("The court finds [the] application . . . establishes good cause for production of the requested photographs prior to trial.  The court also finds [the] application and supporting affidavit were appropriately filed *ex parte* and should remain sealed to protect the mental impressions and trial strategy of defense counsel.  However, . . . the court will direct the witness to produce the designated items to the Clerk of Court, who shall inform both the government and defense counsel when the photographs are available, permitting counsel for both sides to inspect them as contemplated by Rule 17(c)(1).").[1]

 …

 …

 …

 …

 …

 …

---

[1] Although some courts have concluded that "where both parties will have pre-trial access to the subpoenaed documents, it would be entirely unnecessary to have an *ex parte* proceeding," *Beckford*, 964 F. Supp. at 1029 n.27 (citing cases), the Court respectfully disagrees for the reasons explained in earlier portions of this order.  The *ex parte* procedure is permissible here is because Defendant's applications include an explanation of why the requested subpoenas satisfy the *Nixon* standard—an explanation Defendant wishes to conceal from the government because it may reveal Defendant's trial strategy.  But providing the government with access to the actual materials being sought in the subpoenas will not impermissibly reveal Defendant's trial strategy.  *Turner*, 2025 WL 1062511 at *4 ("[T]he Government shall be allowed to inspect the documents to avoid providing the Defendant an unfair advantage.  Still, to protect the confidentiality of the Defendant's trial strategy, the underlying Rule 17(c) motion and supplemental filing will remain docketed under seal and *ex parte*."); *Harbour*, 2021 WL 1293280 at *1 ("[A]lthough the Court will permit Defendant's Rule 17(c) motion to remain *ex parte* and under seal to prevent the disclosure of his trial strategy to the government, it will direct that the government have access to the responsive material, itself, once it is produced by the third parties.").

Accordingly,

**IT IS ORDERED** that:

1.     Defendant's *ex parte* motions to seal (Docs. 17, 19, 21) are **granted**.

2.     Defendant's *ex parte* applications (Docs. 18, 20, 22) are **granted in part and denied in part**.  The Clerk shall issue Defendant's proposed subpoenas (Docs. 18-2, 20-2, 22-2) after making the following modifications: (1) the subpoenas shall list the Clerk's Office in Phoenix, rather than the Federal Public Defender's Office, as the "Place" where responsive materials shall be produced; (2) the subpoenas shall omit the verbiage, which appears in all-capitalized text in two places in the proposed subpoenas, stating that "appearance in court is not required if certified copies . . . are received in the Federal Public Defender's Office"; and (3) the subpoenas shall list the "Date and Time" of compliance as two weeks from the date of issuance, rather than the originally proposed deadline of "7/22/2025 9:00 a.m."

3.     If and when responsive materials arrive, the Clerk shall notify the parties that the materials are ready for their inspection.

Dated this 15th day of July, 2025.

Dominic W. Lanza
United States District Judge