**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-25-00865-001-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Jose Sarinana, | |
| Defendant. | |

On July 8, 2025, Defendant Jose Sarinana filed three *ex parte* applications for the issuance of a Rule 17(c) subpoena. In a July 15, 2025 order, the Court granted those applications in part, concluding that Defendant is entitled to pretrial production of the materials in question but that the materials must be produced to the Clerk of Court, rather than directly to Defendant's counsel, and that all parties are entitled to inspect the materials upon production. (Doc. 24.)

Defendant has now filed an *ex parte* motion for reconsideration of the July 15, 2025 order (Doc. 29), as well as a motion to seal the motion for reconsideration (Doc. 28). As an initial matter, the Court will allow the motion for reconsideration to be filed under seal and *ex parte* for the same reasons that Defendant was allowed to file the original applications under seal and *ex parte*. However, this order (like the July 15, 2025 order) will be placed on the public docket because it does not reveal the substance of any of the trial-strategy considerations referenced in Defendant's applications or in Defendant's motion and does not identify the materials at issue. *Cf. Bullion Monarch Mining, Inc. v.*

*Barrick Goldstrike Mines, Inc.*, 2016 WL 8735620, *1 n.1 (D. Nev. 2016) ("The parties filed sealed versions of their motions with leave of court. The Court will cite to the sealed version but will reference information in sealed documents in general terms to avoid sealing this Order."); *Abrams v. CIBA Specialty Chemicals Corp.*, 2010 WL 2712241, *1 n.1 (S.D. Ala. 2010) ("Although this Order examines and resolves a sealed motion, nothing herein reveals confidential . . . details; therefore, this Order itself is not to be filed under seal, but is instead to be maintained in the public file.").

Defendant seeks reconsideration of the portion of the July 15, 2025 order concluding that all parties (rather than Defendant alone) should have access to the subpoenaed materials after they are produced to the Clerk of Court. That request is denied. As noted in the July 15, 2025 order, courts routinely order that all parties must have access to materials produced before trial in response to a Rule 17(c)(1) subpoena, even when the subpoena was obtained by the defendant via an *ex parte* application. (Doc. 24 at 5-6.)[1] That approach makes sense. "Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). *See also United States v. Poindexter*, 725 F. Supp. 13, 28-29 (D.D.C. 1989) ("[P]retrial return dates ought not be used improperly as blank checks for the use of trial subpoenas duces tecum as a supplemental discovery device."). As a

---

[1] *See also United States v. Reiger*, 2015 WL 13237441, *4 (D. Nev. 2015) ("Defendant asks the Court to issue a subpoena requiring the production of the requested items to his counsel's office. Rule 17(c)(1), however, does not authorize issuance of a subpoena duces tecum requiring pretrial production of documents to counsel's office. The court will instead authorize issuance of a subpoena to the Custodian of Records of LVMPD to produce the field interview cards related to the instant case, if they exist, to the Clerk of the Court, no later than November 16, 2015. Upon receipt of the field interview cards, if they exist, the Clerk shall make the documents available for inspection and copying to counsel for Defendant and the government prior to trial."); *United States v. Cooper*, 2012 WL 366922, *2 (D. Nev. 2012) ("The Court further finds that the application was properly made *ex parte* and shall remain sealed to protect the mental impressions and trial strategy of defense counsel. However, because the application justifies the need for pretrial production of the documents requested, the Court, pursuant to Rule 17(c)(1) will require the witness to produce the designated items to the Clerk of Court. Upon receipt, the Clerk shall inform counsel for both parties that the documents are available and permit both parties to inspect them.").

- 2 -

result, a party seeking a Rule 17(c)(1) subpoena compelling the pretrial production of documentary evidence must establish, among other things, "that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial." *United States v. Nixon*, 418 U.S. 683, 699 (1974).

As these authorities make clear, Rule 17(c)(1) is not intended to serve as a tool for one side to gather *discovery material* that may or may not be subject to subsequent production to the other side pursuant to other Federal Rules of Criminal Procedure— instead, it is a tool for obtaining *evidence* for admission at trial, with the additional feature of authorizing pretrial production of that evidence so as to avoid trial delays and promote efficiency. *See, e.g., United States v. D'Anna*, 2015 WL 1954490, *9 (E.D. Mich. 2015) ("A subpoena issued under Rule 17(c) may not be issued for pretrial discovery purposes because Rule 17 authorizes subpoenas for production of *evidence at trial*.") (emphasis in original); *United States v. Hankton*, 2014 WL 3385126, *1 (E.D. La. 2014) ("[T]he purpose of Rule 17(c) is not to provide an additional means of discovery, but, rather, to expedite formal proceedings by allowing prior inspection of subpoenaed material."); *United States v. Weldon*, 2006 WL 905932, *2 (E.D. Ky. 2006) ("Rule 17(c) was not intended to provide an additional means of discovery. Rather, its purpose is trial-focused and it therefore may be used only to obtain materials admissible as evidence at trial.") (cleaned up); *United States v. Messercola*, 701 F. Supp. 482, 485 (D.N.J. 1988) ("A pretrial subpoena issued in accordance with Rule 17(c) is used as a convenient and time saving tool for trial preparation. . . . The purpose of the rule was to prevent delays during trial . . . ."); *United States v. Carter*, 15 F.R.D. 367, 369 (D.D.C. 1954) ("The purpose of this Rule was not to grant additional discovery, but merely to facilitate and expedite trials, in order that a trial may not be delayed while counsel are examining voluminous documents produced in response to subpoena."). Accordingly, Rule 17(c)(1) expressly contemplates that both sides may be allowed to inspect the subpoenaed materials upon production: "When the items arrive, the court may permit the parties and their attorneys to inspect all or part of

them." *Id.* Defendant's request for one-sided access to the subpoenaed materials is inconsistent with these principles, as Defendant is effectively seeking to use the subpoenas as a means of obtaining pretrial discovery.

To be sure, and as acknowledged in the July 15, 2025 order, "there may be instances where it would be appropriate for subpoenaed materials to be shared only with the requesting party." (Doc. 24 at 5, citing *United States v. Beckford*, 964 F. Supp. 1010, 1029 (E.D. Va. 1997).) For example, when "a defendant's trial strategy may be easily inferred from the subpoenaed documents," allowing the government to inspect those documents "could create an unenviable choice between the defendant preserving his theory of the defense and issuing no subpoenas duces tecum or disclosing his whole case to the Government before trial." *United States v. Mills*, 2019 WL 76869, *7 (E.D. Mich. 2019). However, the disclosure of documentary evidence obtained via a Rule 17(c)(1) subpoena doesn't invariably result in the impermissible disclosure of the defense's trial strategy. *Facebook, Inc. v. Pepe*, 241 A.3d 248, 264 n.64 (D.C. Ct. App. 2020) ("A party's common strategic desire to keep potentially favorable evidence under wraps until the eve of trial is not a substitute for a showing that pre-trial disclosure of the evidence at issue in this case would in some way compromise defense counsel's trial strategy."). Here, Defendant argues that "the government will surmise . . . the defense's theory" of the case and infer "the substance of attorney-client communications" if it is allowed to review the materials at issue (Doc. 29 at 6-7), but the Court is respectfully unpersuaded by those arguments given the nature of the materials being sought and the nature of the charges in this case. It is exceptionally unlikely that the government's inspection of the subpoenaed materials will somehow alert the government to a defense trial strategy it otherwise never would have thought to consider.

Nor is there any merit to Defendant's contention that allowing the government to inspect the subpoenaed materials could "create constitutional issues regarding the client's right to effective counsel and a fair trial." (Doc. 29 at 7.) Litigation strategies and choices often pose tactical dilemmas, and "[a] tactical decision by counsel with which the

- 4 -

1  defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel."
2  *People of Territory of Guam v. Santos*, 741 F.2d 1167, 1168 (9th Cir. 1984).
3      Accordingly,
4      **IT IS ORDERED** that:
5      1.    Defendant's *ex parte* motion to seal (Doc. 28) is **granted**.
6      2.    Defendant's *ex parte* motion for reconsideration (Doc. 29) is **denied**.
7      Dated this 22nd day of July, 2025.

Dominic W. Lanza
United States District Judge